962 So.2d 1009 (2007)
The CHILDREN'S TRUST OF MIAMI-DADE COUNTY, Appellant,
v.
DEPARTMENT OF MANAGEMENT SERVICES, DIVISION OF RETIREMENT, Appellee.
No. 3D06-1988.
District Court of Appeal of Florida, Third District.
August 8, 2007.
R.A. Cuevas, Jr., Acting Miami-Dade County Attorney, and Maria Arista-Volsky and Brenda Kuhns Neuman, Assistant County Attorneys, for appellant.
Robert B. Button, Assistant General Counsel, Department of Management Services, *1010 Division of Retirement, Tallahassee, for appellee.
Before GERSTEN, C.J., and CORTIÑAS and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The Children's Trust of Miami-Dade County ("The Children's Trust") appeals a final order of the Secretary of the Department of Management Services, Division of Retirement ("Agency"), denying several employees past service credit for Florida Retirement System ("FRS") benefits and rejecting a Recommended Order by the Division of Administrative Hearings ("DOAH"), which had recommended that The Children's Trust was eligible for membership in FRS while under an employee leasing agreement. We affirm the Agency's final order.
On July 23, 2003, The Children's Trust, an independent special taxing district in Miami-Dade County duly created to provide children's services, contacted the Agency to enroll its employees for FRS retirement benefits. On September 5, 2003, The Children's Trust entered into an agreement with ADP TotalSource Services, Inc., ("TotalSource"), whereby TotalSource agreed to provide The Children's Trust with payroll, health insurance, life insurance, short and long-term disability insurances, and dental and vision coverage ("Agreement"). TotalSource, however, did not provide any retirement benefits to the employees of The Children's Trust.
Sometime in early September 2005, The Children's Trust submitted an application for enrollment in the FRS to the Agency. After reviewing the application and the Agreement, the Agency denied The Children's Trust's enrollment application, reasoning that because the Agreement provided that the employees were under the direction and control of TotalSource, the employees were employees of a private entity and thus, ineligible for FRS benefits. Based on this determination, The Children's Trust terminated the Agreement with TotalSource and subsequently sought human resource services through a different personnel company, AlphaStaff, because as employees of AlphaStaff, the employees could receive FRS benefits.
After the Agency approved the new agreement with AlphaStaff, The Children's Trust submitted the necessary paperwork and enrolled in FRS. The Agency approved The Children's Trust's application for FRS benefits, which the employees began to receive on May 1, 2004. When The Children's Trust also sought to purchase past service credit for the period of time while under contract with TotalSource, the Agency denied the request. The Children's Trust sought an evidentiary hearing and the matter was forwarded to the DOAH.
The Administrative Law Judge ("ALJ") entered an order recommending that the Agency allow The Children's Trust to purchase past service credit for the seven month period while under contract with TotalSource. The Agency subsequently entered an order accepting all of the ALJ's findings of fact but rejected the ALJ's ultimate conclusion that The Children's Trust was entitled to purchase past service credit for the period of time it was under contract with TotalSource. The Children's Trust appeals the Agency's order. We affirm the Agency's order as we conclude that TotalSource was the employer during this seven-month period and The Children's Trust was not the employer as a matter of law.
TotalSource is a licensed employee leasing company pursuant to Part XI of Chapter 468, Florida Statutes (2004). Section 468.520(4), Florida Statutes (2004), defines "employee leasing" as "an arrangement whereby a leasing company assigns its employees to a client and allocates the direction *1011 of and control over the leased employees between the leasing company and the client." § 468.520(4), Fla. Stat. (2004). Furthermore, section 468.529(1), Florida Statutes (2004), specifies that "[a] licensed employee leasing company is the employer of the leased employees. . . ." § 468.529(1), Fla. Stat. (2004). Consequently, based on the employee leasing agreement entered into between The Children's Trust and TotalSource, we find, as a matter of law, that TotalSource, as the employee leasing company, was the employer of the employees, not The Children's Trust. As TotalSource is a private entity not eligible for FRS benefits, we agree with the Agency's determination that The Children's Trust is not eligible to purchase past service credit for FRS benefits. We, therefore, affirm the Agency's final order.
Affirmed.